**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| IN THE MATTER OF<br><br>Mehdi Kohnechi, as the owner of a 2007 Bayliner Bowrider Flight Series F-23 motor vessel for exoneration from or limitation of liability, | No. CV13-08047-PCT-DGC<br><br>**ORDER** |

On July 30, 2013, Katrin Aharon, Kai Aharon, and Shay Aharon (collectively "Claimants") filed a motion for judgment on the pleadings. Doc. 18. Petitioner Mehdi Kohnechi filed a response on August 22, 2013 (Doc. 19), and Plaintiff filed a reply on September 3, 2013 (Doc. 23). For the reasons that follow, the Court will grant Claimants' motion.[1]

**I.    Background.**

Petitioner is the sole owner of a 2007 Bayliner Bowrider Flight Series F-253 motor vessel ("the vessel"). Doc. 1 ¶ 2. Petitioner alleges that on or about June 26, 2012, he was operating the vessel on Lake Mohave, Arizona, when a collision occurred with another vessel upon which Claimants were passengers. *Id.* ¶ 3. Claimants sustained injuries as a result of the collision. *Id.* Anticipating claims against him as a result of the accident, Petitioner brought a petition in this Court pursuant to the Limitation of Liability Act, 46 U.S.C. §§ 30501-30512. *Id.* ¶¶ 6-7.

---

[1] The request for oral argument is denied because the issues have been fully briefed and oral argument will not aid the Court's decision. *See* Fed. R. Civ. P. 78(b); *Partridge v. Reich*, 141 F.3d 920, 926 (9th Cir. 1998).

**II.     Legal Standard.**

A motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) "is properly granted when, taking all the allegations in the non-moving party's pleadings as true, the moving party is entitled to judgment as a matter of law." *Fajardo v. County of L.A.*, 179 F.3d 698, 699 (9th Cir. 1998); *see Elvig v. Calvin Presbyterian Church*, 375 F.3d 951, 955 (9th Cir. 2004) (stating that in ruling on a Rule 12(c) motion the court must accept as true all allegations in the plaintiff's complaint and treat as false the allegations in the defendant's answer that contradict the plaintiff's allegations). In other words, dismissal pursuant to Rule 12(c) is inappropriate if the facts as pled would entitle the plaintiff to a remedy. *Merchants Home Delivery Serv., Inc. v. Hall & Co.*, 50 F.3d 1486, 1488 (9th Cir.1995).

**III.    Analysis.**

The Limitation of Liability Act provides that "the liability of the owner of a vessel for any claim . . . shall not exceed the value of the vessel and pending freight" provided that the claim arises from "any embezzlement, loss, or destruction of any property, goods, or merchandise shipped or put on board the vessel, any loss, damage, or injury by collision, or any act, matter, or thing, loss, damage, or forfeiture, done, occasioned, or incurred, without the privity or knowledge of the owner." 46 U.S.C. § 30505(a)-(b).

Claimants contend that Petitioner is not eligible for limitation of liability under the statute because he acknowledges that he was operating the boat at the time of the accident. Because he was operating the boat, Petitioner has not alleged that the claim was "incurred without [his] privity or knowledge." *In re Follett*, 172 F. Supp. 304, 305 (S.D. Tex. 1958) ("[T]here is now ample authority to support the view that the owner who operates his own pleasure craft is not entitled to limit, as any occurrence would clearly be with his privity or knowledge."). Petitioner concedes this issue, stating that "Since Mr. Kohnechi was operating the vessel involved in this unfortunate accident, Petitioner acknowledges 'privity' does not appear to be a hurdle for Claimants." Doc. 19 at 7 n. 3.

Petitioner claims he is still entitled to a determination of liability in this Court. Petitioner's argument is built on the two-step inquiry that is normally employed to evaluate a petitioner's eligibility for limited liability. *See In re Fun Times Boat Rental & Storage, LLC*, 431 F. Supp. 2d 993, 997 (D. Ariz. 2006) (citing *Walston v. Lambersten*, 349 F.2d 660, 663 (9th Cir. 1965), *cert. denied*, 382 U.S. 980 (1966)). Under the two-step framework, courts first require the claimant to demonstrate that the accident was caused by actionable conduct. *Id*. If the claimant makes such a showing, the burden shifts to the Petitioner to show that the actionable conduct or condition was without his privity or knowledge. *Id*. Petitioner argues that this framework requires the Court to first make a determination of liability before it can deny the claim for limitation on the basis of privity.

Petitioner's argument is incorrect. Multiple courts considering petitions under the Limitation of Liability Act have concluded that no liability determination is necessary when a petitioner cannot claim that he is without privity or knowledge. *Fecht v. Makowski*, 406 F.2d 721, 723 (5th Cir. 1969) ("Where no grant of limitation is possible, the basis for granting exoneration vanishes."); *In re Marine Sports, Inc.*, 840 F. Supp. 46, 49 (D. Md. 1993) ("Because petitioners have admitted that [petitioner] was in control of the boat, and that [petitioner] is the President and sole stock-holder of Marine Sports, Inc., they have admitted their 'privity or knowledge' and thus may not seek exoneration and/or limitation of liability." (internal citations omitted)); *In re Ingoglia*, 723 F. Supp. 512, 515 (C.D. Cal. 1989) ("[T]his Court finds that no genuine triable issue exists as to the limitation issue. Plaintiff-in-limitation admits that he owns the boat in question and that he maintained, controlled and operated the boat at the time of the injury to claimant. If there was negligence in the operation of the motorboat, only he could have been guilty of it.") The Court agrees with the analysis of these cases. The two-party inquiry in *In re Fun Times* is employed to "evaluate the shipowner's eligibility for limited liability." 431 F. Supp 2d at 997. Petitioner is ineligible for limited liability based on the privity and knowledge issue that he has conceded. As a result, the Court need not engage in the two-

step inquiry.

**IT IS ORDERED:**

1. Claimants' motion for judgment on the pleadings (Doc. 18) is granted.

2. The Court's Injunction Order (Doc. 7) is dissolved.

3. The clerk shall enter judgment accordingly and terminate this action.

Dated this 16th day of September, 2013.

*/s/ Daniel G. Campbell*
_____
David G. Campbell
United States District Judge